UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIRA GARCIA GAMBOA,<br><br>             Plaintiff,<br><br>     v.<br><br>GREY HOUND BUS LINES, et al.<br><br>             Defendants. | No.  2:23-cv-1411 DAD DB PS<br><br>ORDER |

Plaintiff Elvira Garcia Gamboa is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motion to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, as well as plaintiff's motion to grant plaintiff's request for monetary relief and for oral argument.  (ECF Nos. 4, 8, 13 & 17.)  For the reasons stated below, defendants' motion to dismiss is granted, plaintiff's motions are denied, and plaintiff is granted leave to file an amended complaint.

**BACKGROUND**

Plaintiff proceeding pro se commenced this action on June 2, 2023, by filing a complaint in the Sacramento County Superior Court.  (ECF No. 1 at 5.[1])  The complaint's allegations are

---
[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

somewhat difficult to decipher, but seem to allege that on May 21, 2022, plaintiff purchased a Greyhound bus ticket for travel to Sacramento, California. (Id. at 10.) Plaintiff traveled with ten bags and all ten of the bags "were with the PLAINTIFF from Montana to Utah." (Id.) In Utah plaintiff took "the AMTRAK Train" while the ten bags were "shipped separately via" Greyhound bus. (Id.) Plaintiff was "compelled to endorse and ship her" bags "separately via" Greyhound bus. (Id. at 11.) Plaintiff's bags "DID NOT ARRIVE AT ALL" in Sacramento. (Id.)

The complaint seeks $78,000 in damages. (Id. at 6.) Named as defendants are Greyhound Lines, Inc., (erroneously sued as Greyhound Bus Lines Corporation), Dave Leach, CEO, Erik Wickman, Founder, and Mr. Milan, Supervisor of the Salt Lake City, Utah Greyhound Bus Station. (Id.) On July 14, 2023, defendants removed the action to this court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). (Id. at 2.)

On July 21, 2023, defendants filed a motion to dismiss. (ECF. No. 4.) On August 4, 2023, plaintiff filed an opposition. (ECF Nos. 6-7.) Plaintiff also filed a motion to grant "PLAINTIFF'S VALID, SENSIBLE WITH MERIT REQUEST FOR MONETARY REPLACEMENT COMPENSATION FOR HER LOST 10 BAGGAGE". (ECF No. 8 at 1.) Defendants filed a reply on August 14, 2023. (ECF No. 12.) On August 13, 2023, plaintiff filed a "request for next available hearing date." (ECF No. 13.) On August 22, 2023, plaintiff filed a sur-reply to the motion to dismiss.[2] (ECF No. 15.) On August 28, 2023, defendants' motion to dismiss was submitted without oral argument pursuant to Local Rule 230(g). (ECF No. 16.) On September 5, 2023, plaintiff filed a motion for oral argument. (ECF No. 17.)

**LEGAL STANDARDS**

**I.   Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) provides that "[a] defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). "Where a defendant moves to

---

[2] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-reply in evaluating defendants' motion to dismiss.

1  dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of
2  demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374
3  F.3d 797, 800 (9th Cir. 2004). However, "in the absence of an evidentiary hearing, the plaintiff
4  need only make a prima facie showing of jurisdictional facts." Sher v. Johnson, 911 F.2d 1357,
5  1361 (9th Cir. 1990).

**II.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)**

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

**III.   Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

3

most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendants' Motion to Dismiss

The complaint alleges a claim for breach of contract because of the loss of plaintiff's luggage while traveling via Greyhound.  However, "[t]he Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property."  White v. Mayflower Transit, L.L.C., 543 F.3d 581, 584 (9th Cir. 2008); see also Underwriters at Lloyds of London v. North American Van Lines, 890 F.2d 1112, 1121 (10th Cir.

1989) ("the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading"); Benefield v. Hays City Police Dept., No. 12-2755 RDR, 2013 WL 501412, at *4 (D. Kan. Feb. 11, 2013) ("The Carmack Amendment applies to bus passengers claims relating to loss or damage to luggage.").

"Plaintiff sufficiently pleads a prima facie case of carrier liability . . . under the Carmack Amendment when she alleges in her Complaint (a) her goods were allegedly rendered . . . in good condition, (b) her goods allegedly arrived in damaged condition [or were lost], and (c) she allegedly suffered damage to her cargo in excess of $10,000." Coughlin v. United Van Lines, LLC, 362 F.Supp.2d 1170, 1172 (C.D. Cal. 2005). A plaintiff's recovery is limited to the "actual loss" value of the property. 49 U.S.C. § 14706(a)(1).

Here, the complaint contains no allegations concerning the Carmack Amendment. Nor does the complaint allege the nature of the goods delivered to the defendant, that those goods were delivered in good condition, or the valuation of those goods. Instead, the complaint simply alleges that the defendants "LOST ALL TEN (10) BAGGES-VERY IMPORTANT PERSONAL & BUSINESS BELONGINGS." (Compl. (ECF No. 1) at 7.)

Accordingly, defendants' motion to dismiss must be granted.[3]

## II.   **Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n

////

---

[3] Defendants' motion to dismiss also raises concerns with respect to the individually named defendants. Specifically, that defendant Eric Wickman, was the founder of Greyhound and passed away in 1954. (Defs.' MTD (ECF No. 4-1) at 12.) And that there are no allegations establishing how defendant David Leach or Mr. Milan engaged in any breach of contract or why the court has personal jurisdiction over them. Because plaintiff's complaint must be dismissed for failure to state a claim, the undersigned will not reach these arguments. Plaintiff, however, should carefully consider them in drafting an amended complaint as defendants' arguments appear to be well taken.

1  v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to
2  amend shall be freely given, the court does not have to allow futile amendments).

3  Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend
4  would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted
5  leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file
6  an amended complaint "the tenet that a court must accept as true all of the allegations contained
7  in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause
8  of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.
9  "While legal conclusions can provide the complaint's framework, they must be supported by
10 factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line
11 from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

12 Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
13 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
14 in itself without reference to prior pleadings.  The amended complaint will supersede the original
15 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
16 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
17 and identified in the body of the complaint, and each claim and the involvement of each
18 defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
19 must also include concise but complete factual allegations describing the conduct and events
20 which underlie plaintiff's claims.

21 **III.    Plaintiff's Motions**

22 Because plaintiff's complaint will be dismissed with leave to amend, plaintiff's motions
23 for monetary replacement, the next available hearing date, and oral argument will be denied
24 without prejudice as having been rendered moot.[4]

25 ////
26 ////

---

[4] Going forward plaintiff should consult the Federal Rules of Civil Procedure and the Local Rules prior to filing a motion.

6

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' July 21, 2023, motion to dismiss (ECF No. 4) is granted;

2. The complaint filed June 2, 2023 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed;

5. Plaintiff's August 4, 2023, motion for monetary replacement (ECF No. 8) is denied without prejudice to renewal;

6. Plaintiff's August 15, 2023 motion for next available hearing (ECF No. 13) is denied as having been rendered moot; and

7. Plaintiff's September 5, 2023 motion for oral argument (ECF No. 17) is denied as having been rendered moot.

Dated:  January 4, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gamboa1411.mtd.ord

7