UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIRA GARCIA GAMBOA,<br><br>Plaintiffs,<br><br>v.<br><br>GREYHOUND BUS LINES, et al.,<br><br>Defendants. | No. 2:23-cv-01411-DC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter pro se, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants have filed a Motion to Dismiss (ECF No. 27 & 29). Plaintiff has filed four miscellaneous motions (ECF Nos. 30, 32, 33, & 39). The Court heard oral argument on the Motion to Dismiss on October 10, 2024. The Court recommends that the Motion to Dismiss be granted in part and denied in part.

**I.     Procedural History and Background**

Plaintiff Elvira Garcia Gamboa originally filed this action in Sacramento County Superior Court on June 2, 2023. ECF No. 1, Notice of Removal. The complaint named as Defendants: 1) Greyhound Bus Lines; 2) Dave Leach, CEO; 3) Eric Wickman, Founder; and 4) Mr. Milan, a supervisor in Salt Lake City, Utah. ECF No. 1 at 5. Plaintiff claims that Defendants lost ten bags of her important personal and business belongings and that those items had a value of $78,000. *Id.* at 6-7. Defendants removed the action on the basis of diversity of citizenship jurisdiction. 28 U.S.C. § 1332.

Defendants then filed a motion to dismiss. ECF No. 4. Magistrate Judge Barnes took that motion under submission without oral argument on August 28, 2023. ECF No. 16. On January 5, 2024, Judge Barnes issued an order dismissing the original complaint with leave to amend. ECF No. 20. Judge Barnes found that Plaintiff's breach of contract claim was preempted by the federal Carmack Amendment which provides the exclusive remedy for interstate shipping contract claims. *Id.* at 4-5. Judge Barnes did not specifically rule on the arguments concerning the individual Defendants, although they were discussed in a footnote and Judge Barnes stated they "appear to be well taken." *Id.* at 5 n. 3.

On May 13, 2024, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 26. Defendants then filed a motion to dismiss (ECF No. 27) and requested a hearing in front of Judge Drozd. Defendants were told the motion was improperly noticed, and to set it before Magistrate Judge Barnes. ECF No. 28. Defendants then re-filed the motion to dismiss. ECF No. 29.[1] Plaintiff has also filed several motions, including: 1) a motion to appear in person (ECF No. 30); 2) a motion "to be paid first" (ECF No. 32); 3) a motion to appear in person and request for mediation (ECF No. 33); and 4) an "urgent motion for case management statement" (ECF No. 39). Defendants' Motion to Dismiss seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6). ECF No. 29 at 1.

**II.     Applicable Legal Standards**

**A. Motion to Dismiss Pursuant to Rule 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) provides that "[a] defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, "in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357,

---

[1] Although Defendants filed the motion to dismiss twice, the Court will refer to it hereafter as a singular motion and cite to ECF No. 29.

1361 (9th Cir. 1990).

## B. Motion to Dismiss Pursuant to Rule 12(b)(5)

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. *See Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case.").

## C. Motion to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court need not assume the truth of legal conclusions cast in the

3

form of factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; see also *Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint and documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**V.    The FAC**

The caption of the FAC is still styled as an action for breach of contract.  ECF No. 26 at 1.  However, Plaintiff does now allege that Defendants failed to comply with the Carmack Amendment.  *Id.* at 12.  Plaintiff alleges that she entrusted ten bags to Mr. Milan, the supervisor on duty of the Salt Lake City Greyhound Station on May 26, 2022 around 11:00 p.m.  *Id.* at 3.  She claims Greyhound failed to deliver those bags and that all 10 bags were lost or stolen. *Id.*  Plaintiff alleges the value of the 10 bags was $78,000.  Plaintiff provides an itemized list of her lost property as an exhibit to the FAC.  ECF No. 26 at 42-43.

Plaintiff also provides as Exhibit 1 to her FAC a list of alleged factual allegations concerning her travel.  ECF No. 26 at 24-27.  Plaintiff includes the dates and times of her travel and that in Salt Lake City on May 26, 2022, she was required to continue her travel via Amtrak train while her 10 bags were shipped separately via Greyhound.  When Plaintiff's bags did not arrive as scheduled, she made several calls to Mr. Milan in Salt Lake City, but he did not return

4

her calls. *Id.* at 27. She then rented a car on June 6, 2022, and drove from Sacramento to Salt Lake City to look for her bags. *Id.*

**VI.  Analysis**

**A.  Carmack Amendment Claim**

A prima facie case of carrier liability under the Carmack Amendment involves the following: 1) goods being provided to the carrier in good condition; 2) those goods arriving damaged or being lost, and 3) damages in excess of $10,000. *Coughlin v. United Van Lines, LLC*, 362 F.Supp.2d 1170, 1172 (C.D. Cal. 2005). Plaintiff's FAC is not a model of clarity, and it does still make references to breach of contract and to negligence. However, it also makes the essential allegations under the Carmack Amendment: that she delivered her ten bags to Greyhound for shipment, the bags did not arrive, and she suffered damages of $78,000.

Plaintiff is proceeding pro se and the Supreme Court has instructed that pro se documents are to be construed liberally and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal citations omitted); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants…"); *Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002) ("Albeit inartfully, [plaintiff] raised pro se his due process claims . . . [notwithstanding that] he did not use the specific phrase 'due process violation' . . .").

Applying this liberal pleading standard, and considering the exhibits to the FAC—some of which include additional factual allegations)—the FAC states a claim under the Carmack Amendment.[2] However, to the extent Plaintiff is also seeking to allege claims for breach of contract or negligence, those claims must be dismissed. The Ninth Circuit has held "that the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property. [Plaintiff's] breach of contract claim is completely

---

[2] Defense counsel at oral argument effectively recognized that given the liberal pro se pleading standards and treating the totality of the documents submitted by Plaintiff to constitute the FAC (ECF No. 26) that Plaintiff stated such a claim.

1  preempted by the Carmack Amendment." *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). Plaintiff's negligence claim is also preempted. *See Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (rejecting plaintiff's argument that the Carmack Amendment does not preempt a state law negligence claim against a common carrier as "completely meritless"); *see also White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008) (nothing that the Carmack Amendment "provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property"). The Court recommends that this action proceed solely on a Carmack Amendment claim and that the claims for negligence and breach of contract be dismissed.

**B. Defendant Eric Wickman**

Defendants move to dismiss Defendant Eric Wickman, the founder of Greyhound Lines, because he has been deceased since 1954. ECF No. 29-1 at 8. A dead person "cannot sue, be sued, or be joined in a lawsuit." *See LN Mgmt., LLC v. JP Morgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020). To prove Mr. Wickman is deceased, Defendants request the Court take judicial notice of an article from Motor Trend magazine. Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Jacques v. Tillery*, 2023 WL 4274381 (E.D. Cal. June 29, 2023) *citing* Fed. R. Evid. 201(b). In *Jacques*, the court took judicial notice of two website postings concerning the defendant's death, one from the defendant's employer and the other from a website ("legacy.com") that posts obituaries. *Id.* at *1. The fact that Mr. Wickman was born in 1887 and passed away in 1954 is confirmable on many publicly available websites. See *In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute). The Court will take judicial notice that Mr. Wickman passed away long before the filing of this action, and will recommend he be dismissed as a defendant.

////

////

6

**C. Defendants Dave Leach and Mr. Milan**

Defendants contends that the FAC contains no allegations about Mr. Leach, the CEO of Greyhound. Indeed, the FAC says nothing about the alleged conduct of Mr. Leach. Instead Plaintiff posits the question: "Who else should be ACCOUNTABLE and RESPONSIBLE for the Negligence, Incompetence, Failure and the Acts of Theft . . . other than the CEO …". ECF No. 26 at 8. Defendants also contend that the Court lacks personal jurisdiction over Mr. Leach and all three individual Defendants. ECF No. 29-1 at 10. As to Mr. Milan, Plaintiff alleges he is an employee in Salt Lake City, but Defendants contend Plaintiff has pled no facts about him that would support the exercise of personal jurisdiction over him.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Id.* In such cases, the court inquires into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995). Plaintiff's FAC does not demonstrate a basis for personal jurisdiction over Mr. Leach as it does not make any factual allegations about him or about his contact with California. "For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (internal citation omitted). Plaintiff also did not offer affidavits in opposition to the motion that establish jurisdiction over Mr. Leach.

As to Mr. Milan, Plaintiff alleges that he was the supervisor on duty at the Greyhound station in Salt Lake City, and that she endorsed and entrusted her 10 bags to him for shipment to Sacramento, on May 26, 2022, around 11:30 p.m. ECF No. 26 at 13. Plaintiff states that Mr. Milan is untrustworthy and may have stolen her baggage. *Id.* at 14. Plaintiff makes additional

allegations about Mr. Milan in the exhibits to the FAC. *Id.* at 25. She states that she gave her ticket receipts to Mr. Milan and that the security guard on duty witnessed her doing so. *Id.*

Defendants argue Mr. Milan should be dismissed because Plaintiff does not know his first name. ECF No. 29-1 at 8-9. Defendant contends Mr. Milan is an "incomplete and fictitious person." *Id.* at 9. Plaintiff has pled that Mr. Milan is the supervisor of the Salt Lake City Greyhound Bus Station, and that she interacted with him at the time of the events in question. Were this the only deficiency with the pleading, Mr. Milan's first name could be learned in discovery and the pleading amended. However, Defendants also challenge personal jurisdiction over Mr. Milan.

For general jurisdiction to exist over a nonresident defendant, such as Milan, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801. Defendants correctly point out that Milan is alleged to work in Utah. ECF No. 29-1 at 10. He is not alleged to have continuous and systematic contacts with California. General jurisdiction is not established by the allegations in the FAC.

As for specific jurisdiction, there is a three-part test to determine if the defendant has sufficient minimum contacts:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzennegger,* 374 F.3d at 802. Applying this test to the relevant facts demonstrates that there is no specific jurisdiction over Milan. Plaintiff does not allege Milan had any contacts with California other than he accepted ten bags while working in Utah for transportation to California.

8

The Court will recommend that all three individual Defendants be dismissed.[3]

### D. Plaintiff's pending motions

Plaintiff has several pending motions. Plaintiff filed a motion seeking to appear in person. ECF No. 30. That motion is GRANTED to the extent that the Court held oral argument on October 10, 2024, and Plaintiff appeared in person and was heard by the Court at that hearing.

Plaintiff also filed a motion seeking to be "paid first" and requesting the court deny the motion to dismiss. ECF No. 32. The precise relief sought by this motion is unclear. She requests the court "grant my urgent motion to deny defendants' motion to dismiss," and to that end her motion is more akin to an opposition. The Court had recommended Defendants' Motion to Dismiss be granted in part and denied in part, and this motion (ECF No. 32) will be DENIED.

Plaintiff filed another motion to appear in person and request for "urgent civil mediation" on August 28, 2024. ECF No. 33. The motion is GRANTED to the extent Plaintiff appeared in person for oral argument and is otherwise DENIED. One week after the hearing, Plaintiff filed a motion for an "urgent" case management conference and to "enforce defendant to pay". ECF No. 39. This motion does not seek clear relief from the Court. A case management or scheduling conference would not include proceedings to determine liability or an order to force defendants to pay. Determinations of liability would be made at a later proceeding, such as the summary judgment stage, or at trial. Plaintiff's motion (ECF No. 39) is DENIED. After District Judge Coggins makes a determination on these Findings and Recommendations, this Court will hold a status conference to set a schedule for further proceedings.

Although the court is denying the request for "urgent civil mediation," the parties remain free to pursue settlement negotiations. If the parties jointly wish to participate in a settlement conference before the undersigned, or another Magistrate Judge, they should notify the Court.

### CONCLUSION

Given the liberal construction afforded pro se pleadings, the Court finds that the FAC states a claim under the Carmack Amendment against Defendant Greyhound Bus Lines. The

---

[3] As the Court recommends dismissal of these Defendants based on an absence of personal jurisdiction, the Court does not reach Defendants' argument concerning sufficiency of service.

Court finds Plaintiff's claims for negligence and breach of contract are preempted, and that dismissal of the individual defendants is appropriate for the reasons set forth herein.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to appear in person (ECF No. 30) is GRANTED, as the Court held oral argument on October 10, 2024;

2. Plaintiff's motion to be "paid first" and to deny Defendants' motion (ECF No. 32) is more akin to an opposition brief and is DENIED;

3. Plaintiff's second motion to appear in person and for mediation (ECF No. 33) is GRANTED in part and DENIED in part; and

4. Plaintiff's motion for case management conference (ECF No. 39) is DENIED.

**IT IS FURTHER RECOMMENDED THAT**:

1. Defendants' Motion to Dismiss (ECF Nos. 27 and 29) be GRANTED in part and DENIED in part;

2. Individual Defendants Wickman, Leach, and Milan be dismissed without further leave to amend;

3. Plaintiff's claims for negligence and breach of contract be dismissed without further leave to amend; and

4. The action proceed as to Plaintiff's claim under the Carmack Amendment as to Defendant Greyhound Bus Lines.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). The parties are advised that failure to file

////

////

////

////

1  objections within the specified time may waive the right to appeal the District Court's order.
2  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  SO ORDERED.
4  DATED: January 16, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE