UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIRA GARCIA GAMBOA, <br><br> Plaintiff, <br><br> v. <br><br> GREYHOUND BUS LINES CORPORATION, et al., <br><br> Defendants. | No. 2:23-cv-01411-DC-SCR (PS) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS <br><br> (Doc. Nos. 27, 29, 42) |

Plaintiff Elvira Garcia Gamboa is proceeding *pro se* and *in forma pauperis* in this civil action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2024, Plaintiff filed a first amended complaint ("FAC") against Defendants Greyhound Bus Lines, Corporation; Dave Leach; Eric Wickman; and Mr. Milan[1] ("Defendants") raising the following causes of action: (1) breach of contract, (2) negligence, and (3) a claim under the Carmack Amendment. (Doc. No. 26.) On May 30, 2024, and June 7, 2024, Defendants filed duplicative motions to dismiss Plaintiff's FAC for lack of personal jurisdiction, insufficient

---

[1] In her FAC, Plaintiff does not identify the full legal name of Defendant Milan. (Doc. No. 26.)

1

1 service of process, and failure to state a cognizable claim.[2] (Doc. Nos. 27, 29.)

2 On January 16, 2025, the magistrate judge issued findings and recommendations recommending the court grant in part and deny in part Defendants' motion to dismiss. (Doc. No. 42.) Specifically, the magistrate judge recommended dismissal of Defendants Wickman, Leach, and Milan without further leave to amend based on an absence of personal jurisdiction. (*Id*. at 6–10.) Also, the magistrate judge recommended Plaintiff's claims for negligence and breach of contract be dismissed without further leave to amend because they are preempted by the Carmack Amendment. (*Id*. at 5–6, 10.) Additionally, the magistrate judge found Plaintiff had sufficiently alleged a Carmack Amendment claim against Defendant Greyhound and recommended that this action proceed on that claim alone. (*Id*.)

Plaintiff filed objections to the magistrate judge's findings and recommendations. (Doc. Nos. 47, 50, 51.) In her objections, Plaintiff does not meaningfully address the findings and recommendations and her purported objections do not provide a basis upon which to reject the magistrate judge's findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the court concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on January 16, 2025 (Doc. No. 42) are ADOPTED in full;
2. Defendants' motions to dismiss (Doc. Nos. 27, 29) are GRANTED in part and DENIED in part as follows:
   a. Plaintiff's claims brought against Defendants Wickman, Leach, and Milan are dismissed without further leave to amend;

---

[2] Because the magistrate judge treated and referred to the motions as a singular motion in the findings and recommendations (Doc. No. 42 at 2, n. 1), the court will also refer to Defendants' motions as a single motion.

      b. Plaintiff's claims for negligence and breach of contract are dismissed without further leave to amend;

      c. This action will proceed as to Plaintiff's claim under the Carmack Amendment against Defendant Greyhound Bus Lines, Corporation;

3. Defendants Eric Wickman, Dave Leach, and Milan are terminated from this action; and

4. This case is referred back to the magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated: __**August 26, 2025**__

                                              Dena Coggins
                                              United States District Judge

3